**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAMMY FRANKS, | No. 16-55671 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-00108-JVS-DFM |
| v. | |
| CITY OF SANTA ANA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1-10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted December 7, 2017
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and COLLINS,** Chief District Judge.

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The Honorable Raner C. Collins, Chief United States District Judge for the District of Arizona, sitting by designation.

Tammy Franks ("Franks"), an openly lesbian former commanding police officer, appeals the district court's grant of summary judgment to the City of Santa Ana ("City") on her claims for disparate treatment as a result of her gender and sexual orientation under Title VII and California's Fair Employment and Housing Act ("FEHA"); hostile work environment under FEHA, and constructive discharge under FEHA. The claims arose out of the City's investigation of an anonymous complaint against Franks when following the lodging of the complaint she was immediately placed on administrative leave. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's grant of summary judgment de novo. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law." *Id*. (cleaned up); *see also* Fed. R. Civ. P. 56(a). We may consider both direct and circumstantial evidence in discrimination cases. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) ("Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence.") (cleaned up).

1.     Franks' first and second causes of action under Title VII and the FEHA allege the City treated her differently because of her gender and sexual orientation by placing her on administrative leave pending the completion of the

2

investigation. "We require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." *Earl v. Nielsen Media Research*, Inc., 658 F.3d 1108, 1112 (9th Cir. 2011) (cleaned up). The district court incorrectly found that Franks failed to meet this low evidentiary burden.

2. While there are multiple factors courts consider when determining whether there was discrimination, the district court reached only pretext, finding that the City's articulated reason for placing Franks on administrative leave was not pretextual. A plaintiff can prove an employer's articulated reason is pretextual "directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *see also Chuang v. Univ. of Cal. Davis, Bd. of Trustees*, 225 F.3d 1115, 1127 (9th Cir. 2000). Franks met this burden by demonstrating that there was a deviation from police force procedure that worked to her disadvantage. *See Earl*, 658 F.3d at 1117 (a plaintiff may raise a triable issue of pretext through evidence that an employer's deviation from established policy or practice worked to her disadvantage). Deposition testimony confirms there were numerous deviations from the City's standard investigation practice,

3

including, but not limited to, (1) no other employee accused of the type of conduct alleged against Franks had ever been placed on administrative leave without a preliminary investigation; (2) no other employee with these allegations had been placed on administrative leave based on an anonymous complaint; and (3) no other employee had ever been subjected to an absolute "no contact" order without limiting it to the subject of the investigation. And in fact, the City's PMA board reviewing Frank's investigation noted that Franks' case appeared to have been handled differently than any others it had seen and questioned whether the way the police department handled this case constituted disparate treatment, especially considering Franks was the highest ranked female in the department's history. Given that individuals who frequently deal with internal investigations at the Santa Ana police department questioned whether the City's actions were discriminatory, a reasonable jury could come to the same conclusion.

3. The district court also incorrectly found that Franks presented insufficient evidence for a reasonable jury to find she was subject to a hostile work environment. To show that harassment is related to gender or sexual orientation for purposes of FEHA, a plaintiff must show that (1) the plaintiff's gender or sexual orientation is "a substantial factor in the discrimination" and (2) if the plaintiff had a different gender or sexual orientation, the plaintiff would not have been treated in the same manner. *Lyle v. Warner Bros. Television Prods*., 38 Cal.

4

4th 264, 280 (2006) (cleaned up). The analysis under FEHA is identical to that under Title VII. *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000). In determining whether a work environment is hostile, the court evaluates the totality of the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001) (per curiam). "It is enough if such hostile conduct pollutes the victim's workplace, making it more difficult for her to do her job, to take pride in her work, and to desire to stay in her position." *Fuller v. Idaho Dep't of Corr.*, 865 F.3d 1154, 1162 (9th Cir. 2017). In light of the improper management of the investigation and aftermath, including ostracization, rampant rumors, and inability to effectively manage her team, a reasonable jury could find the City's management of the investigation caused Franks to lose credibility at work and substantially interfered with her ability to do her job.

4.     The district court correctly found that Franks was not subject to a constructive discharge. "To establish a constructive discharge, an employee must plead and prove . . . that the employer either intentionally created or knowingly permitted working conditions that were so intolerable or aggravated at the time of the employee's resignation that a reasonable employer would realize that a

reasonable person in the employee's position would be compelled to resign." *Vasquez v. Franklin Mgmt. Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 826 (2013) (cleaned up). "The standard by which a constructive discharge is determined is an objective one—the question is whether a reasonable person faced with the allegedly intolerable employer actions or conditions of employment would have no reasonable alternative except to quit." *Id.* at 827 (cleaned up). Franks "was not demoted, did not receive a cut in pay, and was not encouraged to resign or retire," *see Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406 (9th Cir. 1996), nor did she present any facts that were sufficiently severe to constitute a constructive discharge.

**AFFIRMED in part, REVERSED in part and REMANDED.**